# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2499
_____

Norma J. Knox,                          *
                                        *
    Plaintiff - Appellant,             *
                                        *  Appeal from the United States
    v.                                 *  District Court for the
                                        *  Western District of Missouri.
City of Garden City, Missouri,          *
                                        *  **[UNPUBLISHED]**
    Defendant - Appellee.              *

_____

Submitted:  January 15, 1997

Filed: March 5, 1997
_____

Before LOKEN, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____


PER CURIAM.


    Norma J. Knox proposed to subdivide twenty-four acres of land for residential development.  Because eleven acres were inside the city limits of Garden City, Missouri law required Knox to obtain Garden City's approval of a subdivision plat.  See Mo. Rev. Stat. §§ 89.440-.450.  In this § 1983 action, Knox claims that Garden City violated her First Amendment right to petition the government when it withheld that approval between February 1992, when Knox first presented a preliminary plat at a meeting of the City's Board of Aldermen, and March 1994, when the Board approved her revised final plat.  Following a jury verdict in favor of the City, the

district court[1] denied Knox's motion for new trial.  She appeals, raising two evidentiary issues.  We affirm.

_____

[1]The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri.

On appeal, Knox argues (i) that the district court erred in allowing the City to present evidence contradicting an alleged admission in its pleadings, and (ii) that the court violated Missouri's "municipal parol evidence rule" by allowing testimony regarding matters occurring at a Board of Aldermen meeting that were not recorded in the official minutes of that meeting. As an aside, we have searched the record in vain for any authority supporting Knox's assertion that the First Amendment right to petition the government includes the right to a particular government response; at oral argument, counsel for Knox conceded he has no First Amendment authority supporting the theory underlying this lawsuit. From our perspective, this is a dispute involving municipal law and procedure that should never have been brought in federal court. But in any event, the case has now been tried to a decision on the merits. Regarding the issues raised on appeal, we affirm for the reasons stated in the district court's May 21, 1996, Order denying Knox's motion for new trial. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-